## STADEKER *v.* HIS CREDITORS.—LABATT, Syndic.

Where a rule to inflict on a syndic the penalty for not keeping a bank book, &c., &c., has been passed upon by the court in homologating the syndic's account, a second rule, on the same grounds, cannot be taken, unless the right was reserved in the dismissal of the first rule.

Nor can the debtor take the rule on the pretence that he is the transferree of claims of creditor unless he has been legally subrogated to those claims.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J.
*McCay & Edwards,* for plaintiff and appellant. *M. M. Cohen,* for defendant.

COLE, J. On the 27th of November, 1856, a rule taken on the 5th of said month by *J. Stadeker,* the insolvent, on D. C. Labatt, syndic, to produce his bank-book properly balanced, was dismissed, reserving to the plaintiff in rule all his rights in the premises.

On the 6th of November, 1856, the final tableau of the syndic was homologated so far as not opposed.

STADEKER
*v.*
CREDITORS

On the 28th of November, 1856, the said insolvent took a rule on the Syn_ dic to hold him responsible under the 2d and 3d sections of the Act of 1855, entitled "An Act to regulate and define the duties and powers of administrators, executors, curators and Syndics," (session Acts of 1855, p. 78) for not having deposited the money received by him in his official capacity in one of the chartered banks of the State, and for not having kept a bank book in his capacity of syndic.

The insolvent also alledged that he had obtained an acquittance and release by payment to his creditors of all their claims except a trifling amount of his original liability.

This rule was dismissed with costs on the 11th March, 1857, and the insolvent has appealed.

A final tableau having been homologated so far as not opposed, this second rule was taken too late, unless the reservation in the dismissal of the first rule of all the rights of the insolvent in the premises signified he should have the privilege of taking a second rule. (*Succession of Anderson*, 12 An., p. 95).

There is however a fatal objection to the success of appellant.

Certain dividends were transferred by some of his creditors to him, and paid to him by the syndic, but the appellant was never subrogated to their rights, if any they had, for damages and interest due as a penalty for violating said Act of 1855.

Appellant has therefore no cause of action.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed with costs.